Argued January 18, affirmed February 21, reconsideration denied March 29, *rev den* 283 Or 1 (1978)

## STATE OF OREGON, *Respondent,*
*v.*
## ANICLETO HUMBERTO GARZA, *Appellant.*
### (No. 75 5801, CA 8562)
574 P2d 1151

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson,* Joseph and Roberts, Judges.

ROBERTS, J.

*Johnson, J. not participating.

## ROBERTS, J.

Defendant appeals from his conviction of criminal activity in drugs, assigning as error the trial court's failure to suppress evidence seized at the time of his arrest. Defendant contends that the officer conducting the search did not have reasonable suspicion that defendant was armed and presently dangerous.

On November 19, 1975, operating under a valid search warrant, police entered and searched an apartment for marijuana. When police entered the apartment there were approximately 14 people present and the entrance caused some minor disturbances consisting of verbal protestations from two or three individuals. After entering the apartment, police conducted a pat-down search of every individual present. It was during this search of defendant that the officer felt a long hard object in defendant's pocket, which he suspected to be a weapon. Upon removal, the object was discovered to be rolled money and a roll of tinfoil. The officer opened the tinfoil and discovered heroin.

The officer in charge of the search testified at the suppression hearing that the defendant did nothing which might have indicated that he was armed or dangerous. The same officer testified that it is his custom to conduct a pat-down search of everyone present when he is executing a search warrant for drugs. This custom is based on his past experiences in executing such warrants.

Defendant claims that since the decision to conduct a pat-down search was based on officer's experience rather than on identifiable actions of the defendant, it was an illegal search. Defendant relies upon *Terry v. Ohio,* 392 US 1, 88 S Ct 1868, 20 L Ed 889 (1968), where the court stated:

"Our evaluation of the proper balance that has to be struck in this type of case leads us to conclude that there must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing

with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. * * * And in determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or 'hunch,' but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience. * * *" (footnote omitted.) 20 L Ed 2d at 909.

Defendant also contends that *State v. Valdez,* 277 Or 621, 561 P2d 1006 (1977) is controlling and disapproves of searches based on past experiences of the officer. In *Valdez,* the court stated:

"* * * We also recognize that experienced police develop what amounts to an intuitive sixth sense about matters of this kind. As the officer testified, 'he * * * looked real sharp * * * like a typical pusher, to me.' Such instinct and experience cannot, however, form the entire basis for 'reasonable suspicion,' because no practical control can be exercised over police by courts if, in the absence of any very remarkable activity, the officer's instinct and experience may be used as the sole reason to justify infringement upon the personal liberty sought to be protected by the statute. * * *" 277 Or at 628.

Defendant's position cannot be sustained. We are not faced with a stop and pat-down search of defendant conducted because of nothing more than an officer's hunch that defendant might be involved in criminal activities. The police were executing a search warrant for drugs in a small apartment containing approximately 14 people. Under these circumstances, a reasonably prudent person would be warranted in the belief that the officer's safety was in danger. The fact that there were no actions of defendant giving the officer reasonable suspicion is not controlling. Under the facts of this case the officer was justified in conducting the pat-down search of defendant. Defendant does not contend on appeal that the officer acted

improperly in opening the rolled tinfoil and we need not rule on that issue.

Affirmed.