On petition for reconsideration filed July 12, July 13, July 14, reconsideration denied July 26, dissent by Lee, J., August 8, petition for review allowed November 15, 1978

MORSE et al, *Petitioners,*

*v.*

OREGON DIVISION OF STATE LANDS et al, *Respondents,*

*and*

WESTERN BANK et al, *Intervenor-Respondents.*

(CA 10946)

583 P2d 40

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, James C. Rhodes, Deputy Attorney General, and Peter S. Herman, Senior Counsel, Salem, for respondents Oregon Division of State Lands; William S. Cox, Director of the Division of State Lands.

Donald J. Morgan, Portland, and Wood, Tatum, Mosser Brooke & Holden, Portland, for respondent City of North Bend.

G. Jefferson Campbell, Jr., Coos Bay, and Newhouse, Foss, Whitty & Roess, Coos Bay, for intervenor-respondents.

No appearance contra.

**LEE, J.,** dissenting.

I dissent[1] from our denial of the petition for reconsideration in *Morse v. Division of State Lands,* 34 Or App 853, 581 P2d 520 (1978), because, in my opinion, this court erred in adopting a rigid rule which is incompatible with the discretionary powers which the legislature sought to vest in the Director of the Division of State Lands by ORS 541.625(2) which provides:

"(2) The Director of the Division of State Lands may issue a permit applied for under ORS 541.620 for filling waters of this state. In determining whether or not a permit shall be issued, the director shall consider the following:

"(a) Whether the proposed fill *unreasonably* interferes with the paramount policy of this state to preserve the use of its waters for navigation, fishing and public recreation;

"(b) Whether the proposed fill *conforms to sound policies of conservation* and would not interfere with public health and safety;

"(c) Whether the proposed fill is in conformance with existing public uses of the waters; and

"(d) Whether the proposed fill is consistent with a duly enacted zoning or land use plan for the area where the proposed fill is to take place." (Emphasis added.)

Under these guidelines, there was substantial evidence to affirm the granting of the permit to use the dredge spoils to extend the airport runway. The rule relied on by the majority is not so absolute as to nullify the powers delegated by the legislature to the Division of State Lands.

---

[1]Precedent for the filing of a dissent to the denial of a petition for review was established by Justice LENT in *State v. Garza,* 32 Or App 643, 574 P2d 1151, *rev den, dissenting opinion,* 283 Or 1, 580 P2d 1030 (1978). Insofar as I have been able to ascertain, this is the first time that a dissent has been filed in this court upon denial of a petition for reconsideration. I do so, in this instance, because I feel that the inflexible rule adopted by the majority will have a long range detrimental effect on the public interest.

Since I did not participate as a member of the panel in this case, it was not until *after* our *in banc* consideration of the petition for reconsideration that I could respectfully publish my dissent.