Argued and submitted September 29, reversed and remanded for new trial
November 29, 1989

# STATE OF OREGON,
*Respondent,*

*v.*

# CARLA L. MANSS,
*Appellant.*

(87CR0620; CA A49342)

783 P2d 24

Steven V. Humber, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

Defendant appeals her conviction for possession of a controlled substance. ORS 475.992. She assigns error to the trial court's denial of her motion to suppress evidence obtained in a warrantless seizure. We reverse and remand.

On the evening of July 29, 1987, three teenage boys went to the Grants Pass police station to report that a man had just approached them and offered to sell them drugs. They had refused the offer. They described the man and his location and told the dispatcher's clerk that, after the attempted sale, the man had crossed the street and joined a group composed of two other men, a woman, and a dog. The dispatcher radioed a description of the seller and of the group to local police.

Seven minutes after the boys made their complaint, Officer Long spotted the group and stopped it. He ordered the members to line up, obtained identifications, and ran warrant checks. One of the men, whom Long knew by name, opened a small metal box and emptied its contents, a powdered substance, on the ground. Soon thereafter, Officer Story arrived on the scene as a backup. As he was watching, he noticed defendant backing away from the group toward some juniper bushes with her hands behind her back. Story ordered her away from the bushes. As she stepped away, he noticed a red and white cigarette box in her left hand. He reached behind defendant and took the box from her when she was about three feet from the bushes. The box contained methamphetamine.

Defendant raises two issues: (1) Did Long have reasonable suspicion to stop the entire group based on the report that one member, when separated from the others, had attempted to sell drugs? (2) Even if Long had reasonable suspicion to stop the whole group, did Story have probable cause to seize the cigarette package from defendant's hand? Because we conclude that Long did not have reasonable suspicion to stop defendant, we do not reach the second issue.

ORS 131.615 permits a peace officer to stop a person who the officer "reasonably suspects * * * *has committed a crime.*" (Emphasis supplied.) ORS 131.605(4) provides:

> " 'Reasonably suspects' means that a peace officer holds a

"belief that is reasonable under the totality of the circumstances existing at the time and place the police officer acts as authorized in ORS 131.605 to 131.625."

Defendant argues that Long stopped her on the basis of "guilt by association" rather than reasonable suspicion. She points out that the boys had told the dispatcher that a lone male had approached them and that the trial court found that the group was far enough from the attempted sale that its members could neither hear it nor participate in it. On these facts, we agree with defendant.

When Long stopped the group, the police knew only that one of the group's members, before joining it, had attempted to sell illegal drugs. They knew nothing that would suggest that any other members of the group had participated in the attempted sale or were even aware that it had occurred. They had no reason to suspect that the other members had committed a crime, except for their apparent connection with the seller.

It is reasonable, in some circumstances, to suspect that one who associates with someone who has committed a crime is also involved in criminal activity. For example, in *State v. Taylor,* 62 Or App 586, 661 P2d 569, *rev den* 295 Or 297 (1983), an informant told the police that Smith was selling cocaine from a car, had done so within the previous four hours, and had had two other men in the car with him at the time. The defendant was in the car with Smith when the police stopped it. We held that it was reasonable to suspect that the defendant was one of those in the car at the time of the sale and that, even if it was not, the fact that Smith used the car as the place for conducting his business of selling drugs made it reasonable to suspect that the defendant was an accomplice or frequented a place where controlled substances are used.

In *State v. Denny,* 27 Or App 455, 556 P2d 719 (1976), *rev den* 277 Or 237 (1977), the police received a report that two men had robbed a store six minutes before the police stopped a car that contained the defendant and one other man; the two generally fit the description of the robbers. We held that stopping the car would normally be unjustified, but that when the police know of a crime and quick action is necessary to apprehend the offender, factors that would otherwise be marginal take on greater importance:

"The question is no longer whether there is reasonable suspicion that a crime has been committed, but rather whether there is a reasonable possibility that the person under observation is connected with the crime which the police believe to have been committed." 27 Or App at 458.

In both *State v. Taylor, supra,* and *State v. Denny, supra,* there were factors beyond the mere association of the defendant with another to support the suspicion. In *Taylor,* there was reason to suspect that the defendant had been in the car during a drug deal and that he was Smith's accomplice. In *Denny,* two people had robbed the store, and there were two people in the car when the police stopped it. It was reasonable to suspect that each of them was connected with the robbery.

Here, in contrast, there was *nothing* to connect defendant with the attempt to sell drugs, except for her association with the *person* who had made the attempt. The information that Long had when he stopped the group was that a man had offered to sell drugs. The boys had provided a detailed description of the seller. Even if that information would have authorized Long to stop the men in the group in order to determine which one was responsible, it could not authorize the stop of defendant, a woman.

Reversed and remanded for a new trial.