# STATE OF OREGON,
## *Respondent,*

*v.*

# DAVID JOSEPH CAWRSE,
## *Appellant.*

(89-1043; CA A60604)

804 P2d 513

Mary Reese, Salem, argued the cause for appellant. With her on the brief were Sally L. Avera, Public Defender and Glenn N. Solomon, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals his conviction for driving under the influence of intoxicants. ORS 813.010. He argues that his vehicle was unlawfully stopped and that, therefore, the trial court erred in denying his motion to suppress evidence obtained as a result of the stop. We affirm.

On February 24, 1988, police were executing a drug-related search warrant of two houses in a rural area. Two officers had established an observation point at the head of the common driveway into the houses, in order to prevent anyone from entering or leaving the property without the officers' knowledge. When defendant's vehicle entered the driveway heading toward the houses, one of which was his, the officers pulled a patrol car onto the driveway, preventing him from proceeding. One of the officers approached him and asked for identification. The officer immediately smelled alcohol on defendant's breath and concluded that he had been driving under the influence of intoxicants. The officer then conducted field sobriety tests and placed defendant under arrest.

Defendant moved to suppress the evidence obtained by the officers as a result of their encounter with him. He argues that they had no reasonable suspicion that he had committed a crime, as required by ORS 131.615(1),[1] and that, therefore, the stop of his vehicle was unlawful. The trial court denied the motion, concluding that the police had authority, other than ORS 131.615, to detain defendant. He said:

> "[W]hen executing a search warrant, officers have authority to make limited detentions of persons for the protection of the officers and to prevent destruction of property or evidence and that the officers acted reasonably under the circumstances. *Michigan v. Summer,* 452 US 692 [, 101 S Ct 2587, 69 L Ed 2d 340] (1981); *State v. Garza,* 32 Or App 643 [, 574 P2d 1151] (1978)."

It is unnecessary to decide whether the detention of defendant was a stop under ORS 131.615 or whether the

---

[1] ORS 131.615 provides, in part:

"(1) A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that the peace officer is a peace officer, make a reasonable inquiry."

officers' actions violated that statute, because it was permissible for the officers to detain him as part of their execution of the search warrant for his house. The officers merely interrupted the passage of the vehicle along the driveway leading to his house and approached him to determine his identity. The search warrant named individuals to be searched, as well as residences, and it was, therefore, important to discover the identity of any person seeking to enter the area. Defendant was not frisked or searched. The officers' actions simply prevented him from proceeding directly to his home, the security of which had already been breached by the execution of the warrant.

■ ORS 133.605[2] authorizes officers to control persons present at a place where a search warrant is being executed to the extent necessary to execute the warrant with all practicable safety. That includes the authority to identify anyone entering the site.

Affirmed.

---

[2] ORS 133.605(1) provides:

"(1) The executing officer and other officers accompanying and assisting the officer may use the degree of force, short of deadly physical force, against persons, or to effect an entry, or to open containers, as is reasonably necessary for the execution of the search warrant with all practicable safety."