No. 45,706

STATE OF KANSAS, *Appellee*, v. RICHARD G. THOMAS, *Appellant*.

(469 P. 2d 279)

Opinion filed May 9, 1970.

*Robert M. Brown*, of Topeka, argued the cause, and was on the brief for appellant.

*Gene M. Olander*, county attorney, argued the cause, and was on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from a conviction for the violation of K. S. A. 65-2502—possession of cannabis, commonly known as marihuana.

The sole question presented is whether contraband introduced into evidence at the appellant's trial was the product of an illegal search and seizure contrary to the provisions of the Fourth Amendment to the Constitution of the United States and Section 15 of the Kansas Bill of Rights.

We hold it was not, for the reason only *unreasonable* searches and seizures are within the constitutional interdict.

The appellant and his companion were stopped on an interstate highway by two highway patrol troopers for a speeding violation—

they were traveling 87 miles per hour in a 70 mile zone late at night. The arresting officers also noticed the car was weaving, which observation led to a search of the appellant's automobile with his consent for an "open bottle." (K. S. A. 41-804.)

In the course of the search, an empty revolver holster was found in the glove compartment. The officers told the appellant and his companion to place their hands on the hood of the vehicle, and one officer began the search for the possession of a concealed weapon. In the course of the search, a lump was found on the back of the appellant's leg and the trooper lifted the pant leg and removed a hard round object out of the top of appellant's sock, which was a rolled-up manila envelope. He handed the object to the other trooper and continued the search of appellant's companion where he found an empty holster. No weapons were found either on appellant or his companion, but a search of the trunk of the automobile produced a rifle and a shotgun.

The manila envelope contained cannabis which was received into evidence at the trial over appellant's objection. The appellant appeals from this ruling and the order overruling his motion for a new trial.

The provisions of the Fourth Amendment prohibits only unreasonable searches and seizures. (*Boyd v. United States,* 116 U. S. 616, 29 L. Ed. 746, 6 S. Ct. 524.) The decision in effect requires this court to determine the reasonableness of a particular search under all the facts and circumstances of the case. (*Wong Sun v. United States,* 371 U. S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407.) It is therefore necessary to apply an objective standard to determine whether the situation would warrant a reasonable man in taking the action under judicial investigation. (*Carroll v. United States,* 267 U. S. 132, 69 L. Ed. 543, 45 S. Ct. 280, 39 A. L. R. 790.)

Under the doctrine of *Terry v. Ohio,* 392 U. S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868, when an officer's action is justified at its inception and is reasonably related in scope to the circumstances which justified and rendered its initiation permissible, the search is not one of such intolerable intensity and scope as to violate the Fourth Amendment. The court said:

". . . When an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, it would appear to be clearly unreasonable to deny the officer the power to take necessary measures to determine whether

the person is in fact carrying a weapon and to neutralize the threat of physical harm." (p. 24.)

See, also, *State v. Bell,* 205 Kan. 380, 469 P. 2d 448.

In *Sibron v. New York,* 392 U. S. 40, 20 L. Ed. 2d 917, 88 S. Ct. 1889, a police officer observed the defendant over an eight-hour period during which time the defendant had several conversations with persons known to be narcotics addicts, but the officer observed no passage of narcotics between the parties. Later, Sibron was confronted by the officer who thrust his hand into Sibron's pocket discovering heroin. It was held the initial search was unreasonable in that the officer was unable to point to any particular facts from which he could reasonably infer Sibron was armed and dangerous, and even assuming there were adequate grounds for such belief, the nature and scope of the search conducted were so clearly unrelated to that justification as to render the heroin inadmissible. It was clear the officer was searching for narcotics without a warrant.

The instant case presents a different situation. Here, there was a reasonable self-protective search of appellant to determine whether he had concealed on his person a dangerous weapon, which the officer had probable cause to believe he had. During the search and while patting the legs of appellant, a hard round object was found in appellant's sock which was later discovered to be a rolled-up manila envelope containing contraband.

The officer's search was restricted to what was appropriate to the discovery of the particular item sought—a gun. The officer did not place his hands in the pockets or under the outer surface of appellant's clothing until he felt something which may have been a weapon, and then he merely removed it. He did not conduct a general exploratory or "full" search for whatever evidence of criminal activity he might find. (*Terry v. Ohio,* supra.)

We conclude the search was reasonable and the finding of the contraband was admissible. Items seized by an officer lawfully searching for purposes of self protection or for fruits of another crime, may be retained and used in the appropriate criminal prosecution to which its items relate. (*Peters v. New York,* 392 U. S. 40, 20 L. Ed. 2d 917, 88 S. Ct. 1889; *Abel v. United States,* 362 U. S. 217, 4 L. Ed. 2d 668, 80 S. Ct. 683.)

The judgment is affirmed.