No. 47,312

STATE OF KANSAS, *Appellee,* v. BENJAMIN McCLELLAND, *Appellant.*

(523 P. 2d 357)

Opinion filed June 15, 1974.

*Charles E. Worden,* of Topeka, argued the cause, and *David J. Phillips,* of Topeka, was with him on the brief for appellant.

*Randy Baird,* assistant district attorney, argued the cause, and *Vern Miller,* attorney general, and *Gene M. Olander,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: This is a direct appeal from a conviction for unlawful possession of a stimulating drug. (K. S. A. 65-4126, now K. S. A. 1973 Supp. 65-4127a.)

On August 30, 1972, the Shawnee County district attorney made application for a search warrant for the premises of 1315 Monroe Street, Topeka. At a hearing on the application, an officer of the Topeka police department vice squad testified he had reason to believe marijuana was being stored on the premises. This activity had been disclosed initially to the officer by an informant. Testimony was offered to prove the informant's reliability and several instances where information supplied by the informant had proved to be accurate were recited by the officer. The officer also testified he had supervised a "controlled buy" at 1315 Monroe, and that the substance purchased was determined to be marijuana. Finding probable cause existed, the district court issued the search warrant. That warrant commanded any law enforcement officer to search for and seize marijuana or any instrumentalities or evidence of

such substance located "in or upon premises described above" (1315 Monroe).

Police officers were dispatched to execute the search warrant. As they approached the residence of 1315 Monroe, they noticed an automobile parked directly in front of the house on the "parking" area between the sidewalk and the curb of the street. One person was sitting in the automobile and the defendant, Benjamin McClelland, was casually standing alongside the vehicle. The officers detained the defendant and immediately searched him. In the search the officers found in the pocket of the defendant's trousers a small plastic sack containing four orange colored single-scored tablets. The defendant was arrested for possession of amphetamines.

A search of the automobile disclosed three plastic bags and a plastic container filled with marijuana. Two bags of marijuana and paraphernalia incident to its use were found in various locations inside the house.

The defendant was convicted in the magistrate court of Shawnee County of possession of a stimulating drug. He appealed his conviction to the district court. The district court overruled defendant's motion to suppress the evidence, and thereafter he was found guilty by the court of possession of a stimulating drug. The defendant has appealed.

The parties stipulated that when the defendant was searched he was standing on the "parking" area immediately in front of the house, the fee to which is vested in Shawnee County.

The defendant contends the evidence seized from his person (four tablets) should have been suppressed because (1) the place where he was standing was not described in the search warrant with sufficient detail; (2) the facts presented in the application for the search warrant failed to establish probable cause for a search outside the house located at 1315 Monroe; (3) at the time the amphetamines were seized from the person of the defendant, he was not a person "in the place at the time" as required by K. S. A. 1973 Supp. 22-2509, and (4) the scope of search of the defendant exceeded that authorized by the warrant.

The state contends the term "premises" as used in a search warrant means more than just the house; that it encompasses the house and immediate curtilage. Further, it contends the search was lawful pursuant to K. S. A. 1973 Supp. 22-2509 for the purpose of protecting the officers from attack and to prevent disposal or concealment of anything particularly described in the warrant.

The Fourth Amendment to the Constitution of the United States and Section 15 of the Kansas Bill of Rights prohibits only unreasonable searches and seizures. (*State v. Brunner,* 211 Kan. 596, 507 P. 2d 233; *State v. Thomas,* 205 Kan. 442, 469 P. 2d 279; *Cady v. Dombrowski,* 413 U. S. 433, 37 L. Ed. 2d 706, 93 S. Ct. 2523.) The reasonableness of a search is to be determined from the facts and circumstances of each case. (*State v. Jackson,* 213 Kan. 219, 515 P. 2d 1108.) K. S. A. 1973 Supp. 22-2509 authorizes reasonable detention and search of a person under the conditions specified. The statute reads:

"In the execution of a search warrant the person executing the same may reasonably detain and search any person in the place at the time:

"(*a*) To protect himself from attack, or

"(*b*) To prevent the disposal or concealment of any things particularly described in the warrant."

In *State v. Loudermilk,* 208 Kan. 893, 494 P. 2d 1174, we acknowledged that 22-2509, *supra,* was adopted from the Illinois Revised Statute (S. H. A. Ch. 38, §§ 108-8, 108-9) and quoted from the comments of the Illinois Revision Committee, which read in part:

". . . The need for a search of the person will . . . usually arise . . . when the officer first arrives at the place where the goods are to be seized. The protection is given in all cases since the danger to be avoided is always present. In addition, it is clear that the purpose of the warrant would be thwarted were not the officer given the second power . . . to search the person for the things to be seized. The need for this power arises most often in the narcotics cases where disposition is most easily effected.

" 'Any person on the premises' would include the limits prescribed in the warrant itself.

"The committee felt that this section is necessary because it gives the officer a clear outline of his power in executing the warrant and removes doubt from a rather cloudy area of the law. Furthermore, if a judge decides there is probable cause for issuing the warrant in the first place, then this power given to the officer which is parasitic to the warrant should not be considered excessive in the hands of the executing officer." (1. c. 896.)

The opinion further stated:

". . . Where, as in this case, probable cause to believe that a drug is kept or concealed on certain described premises is established to the satisfaction of a proper magistrate, the search of a person found on the premises in the execution of a search warrant is not only reasonable, but necessary to secure effective enforcement of the Uniform Narcotic Drug Act." (1. c. 898.)

In *Loudermilk* we discussed three cases decided by the Illinois Court of Appeals. In *People v. Kielczynski,* 130 Ill. App. 2d 231, 264 N. E. 2d 767 (1970) and *People v. Harrison,* 83 Ill. App. 2d 90, 226

N. E. 2d 418 (1967) it was held the Illinois statute comparable to K. S. A. 1973 Supp. 22-2509 authorized an officer to search a person found on the premises described in the search warrant. The case of *People v. Pugh,* 69 Ill. App. 2d 312, 217 N. E. 2d 557, authorized a search of persons entering onto the premises while the police are executing a premises search warrant.

The parties have cited and discussed several decisions concerning the specificity and scope of execution of a premises warrant. [See *e. g., State v. Braun,* 209 Kan. 181, 495 P. 2d 1000; *State v. Ogden,* 210 Kan. 510, 502 P. 2d 654; *United States v. Long,* 449 F. 2d 288 (8th Cir. 1971); *Walker v. United States,* 225 F. 2d 447 (5th Cir. 1955).]

To satisfy the specificity requirement of the Fourth Amendment, a search warrant must describe the premises to be searched with sufficient particularity to permit the executing officer to locate the same from the face of the warrant. (*Steele v. United States No. 1,* 267 U. S. 498, 69 L. Ed. 757, 45 S. Ct. 414.)

In *State v. Ogden,* supra, the application for a search warrant described the premises to be searched as "a white frame residence located at 1350 S. Gordon, Wichita, Sedgwick County, Kansas. . . ." In executing the warrant, the police seized an envelope on which there was some writing. That envelope was found in a trash can at the rear of the yard. We held such evidence admissible and in so doing, declined to limit the scope of a premises warrant to just the house.

Here, the search warrant was issued for "Premises of 1315 Monroe, Topeka, Shawnee County, Kansas." With that description any officer could have reasonably ascertained and identified the premises delineated in the warrant. We are of the opinion the term "premises" as used in the warrant included all property necessarily a part of and appearing so inseparable as to be considered a portion thereof. (*State v. Caldwell,* 20 Ariz. App. 331, 512 P. 2d 863.)

As the officers approached the house, they observed the shirtless defendant casually standing beside a vehicle parked on the area immediately in front of the house. Photographic exhibits of the area clearly show residents of the neighborhood utilized the parking area immediately in front of their respective houses for vehicle parking. There is nothing in the record which would raise an inference that under the circumstances confronting the officers the defendant was not on the premises of 1315 Monroe and within the scope of the

search warrant. To hold the executing officers must disregard individuals standing in such close proximity as indicated by the exhibits would nullify their power to cope with a potential danger of attack and thwart the intended purpose of K. S. A. 1973 Supp. 22-2509.

The judgment is affirmed.