Argued and submitted July 10, reversed and remanded
with instructions December 30, 1981

## STATE OF OREGON,
*Respondent,*

*v.*

## WILLIAM GLEN MYERS, JR.,
*Appellant.*

(No. 80-1599, CA A20445)

637 P2d 1360

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Warren, Judge.

WARREN, J.

## WARREN, J.

Defendant appeals his conviction for possession of a controlled substance (hashish), ORS 475.992(4), assigning as error the denial of his motion to suppress the evidence that was the basis of this charge.

The evidence defendant seeks to suppress was discovered during the execution of a search warrant[1] at a residence where defendant was a guest. The police officers executing the warrant conducted a "pat down" search for weapons on the four adults present in the house at the time. During this search, an officer, who testified that he thought it was a knife, removed a package from defendant's back pocket; he opened the package after being informed by another guest that it contained hashish. The search of the house revealed marijuana and other drugs, some of which were in plain view in the room where the adults in the house were sitting. The officers testified that there was the smell of burnt marijuana in the house.

At trial, the state argued that the search for weapons was authorized by ORS 131.625[2] and *Terry v. Ohio,* 392 US 1, 88 S Ct 1868, 20 L Ed 2d 889 (1968), because the officers had reason to believe that their safety was threatened. On this ground, the trial court denied defendant's motion to suppress. The evidence does not support this argument. The officers testified that they had no reasonable belief that defendant was armed and dangerous.[3] On appeal, the state has abandoned the argument that the pat down was a lawful search for weapons. Instead, it contends that the officers executing the

---

[1] The warrant was obtained on the basis that an informant had made a controlled buy of narcotics out of the house. It authorized the search of the house, but apparently did not mention the people who might have been present at the time the warrant was executed.

[2] ORS 131.625 provides, in pertinent part:

"(1) A peace officer may frisk a stopped person if the officer reasonably suspects that the person is armed and presently dangerous to the officer or other persons present.

"* * * * *"

[3] In *Ybarra v. Illinois,* 444 US 85, 100 S Ct 338, 62 L Ed 2d 238 (1979), the United States Supreme Court held the pat down of a person on premises which were the subject of a search warrant was not lawful where it was not supported by a reasonable belief that the person was armed and presently dangerous.

search warrant had probable cause to believe that defendant was in possession of controlled substances.[4] The state offers two arguments for this theory: (1) defendant was in constructive possession of the drugs in plain view; and (2) it was likely that defendant had purchased drugs while in the house and had placed them on his person. The state contends that the officers would have had probable cause to arrest defendant for either of those reasons and to search him for drugs; therefore, the search of defendant was justified, despite the fact that it took place before the arrest. *See State v. Schneider,* 51 Or App 161, 166, 625 P2d 150 (1981).

■ We conclude that there was no probable cause to believe that defendant was in possession of controlled substances under either theory put forth by the state. Constructive possession requires that a defendant have control or the right to control the contraband. *State v. Krohn,* 15 Or App 63, 68, 514 P2d 1359 (1973), *rev den* (1974). Mere presence in the quarters of others where contraband is found is not sufficient to allow an inference of possession. *State v. Nehl,* 19 Or App 590, 592, 528 P2d 555 (1974), *rev den* (1975). The officers knew defendant was a guest in the house, the owner had identified himself. Without more than his mere presence, there was no probable cause to believe that defendant was in constructive possession of the drugs found in the house.

■ As to the possibility that defendant had purchased drugs from the owner of the house, that is all there was: a mere possibility. The officers did not know defendant, and, aside from his presence in the house, they had no reason to believe he had made a buy. Probable cause requires more than a "mere possibility." *State v. Crockett,* 34 Or App 1019, 1023, 580 P2d 214 (1978).

Reversed and remanded with instructions to grant defendant's motion to suppress and for a new trial.

---

[4] We may consider this argument in support of the trial court's decision. *State v. Dowell,* 274 Or 547, 552, 547 P2d 619 (1976).