No. 58,352

STATE OF KANSAS, *Appellant*, v. DEBRA LAMBERT, *Appellee*.

(710 P.2d 693)

Opinion filed December 6, 1985.

*Kenneth R. Smith*, assistant district attorney, argued the cause, and *Gene M. Olander*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the brief for appellant.

*John C. Humpage*, of Humpage, Berger and Hoffman, of Topeka, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: This appeal was brought by the State on a question reserved for the purpose of determining whether the trial court erred by suppressing evidence seized during the execution of a search warrant on private premises. The evidence was taken from the purse of an individual neither named nor described in the warrant.

Police officers, armed with a search warrant authorizing the search of an apartment and its occupant, known as Randy, for a white powder that was believed to be cocaine, entered the

apartment where they discovered three women. One of the women was sick in bed, and the other two were seated at a table in the kitchen. Between the two women was a serving tray containing marijuana and a partially burned, hand-rolled cigarette, which the officer believed to be marijuana.

A detective placed all three women under arrest for possession of marijuana and moved them into the living room. He then returned to the kitchen and searched a purse that was on the kitchen table. Marijuana and some white powder, later identified as amphetamine, were found within the purse. The detective called the defendant back into the kitchen and asked if the purse belonged to her. When the defendant acknowledged ownership of the purse, she was arrested for possession of methamphetamine.

The defendant filed a motion to suppress which was considered and overruled by the judge during the trial to the court. After being found guilty, the defendant filed a motion for a new trial, claiming the judge erred in admitting the evidence seized from the defendant's purse. At the hearing on the motion, the judge concluded that, based upon *Ybarra v. Illinois*, 444 U.S. 85, 62 L.Ed.2d 238, 100 S.Ct. 338 (1979), and *Terry v. Ohio*, 392 U.S. 1, 20 L.Ed.2d 889, 88 S.Ct. 1868 (1968), he had erred when he failed to suppress the evidence. The State reserved that question. K.S.A. 22-3602(b)(3). The judge then found the defendant not guilty.

The defendant contends that the State insufficiently reserved the question because it did not specify what question it wanted to appeal. In *State v. Crozier*, 225 Kan. 120, 123-124, 587 P.2d 331 (1978), this court said that no formal procedural steps are required by the statute in order to appeal on a question reserved. "All that is necessary for the state to do to reserve a question for presentation on appeal to the supreme court is to make proper objections or exceptions at the time the order complained of is made or the action objected to is taken." A review of the transcript of the hearing shows that the State was objecting to the judge's suppression of the evidence, and it reserved that question.

The State contends that the trial judge's decision was wrong because *Ybarra v. Illinois*, 444 U.S. 85, neither limits the scope of K.S.A. 22-2509 nor is applicable to this case. It contends (1)

that *Ybarra* involved a public place, not a private one; and (2) that *Ybarra* involved evidence found upon a person rather than evidence setting on a table and not in the possession of a person.

In *Ybarra*, an Illinois state court had issued a warrant to search a tavern and bartender for evidence of narcotics. On entering the tavern to execute the warrant, officers announced their purpose and advised those present that they were going to conduct a cursory search for weapons. One of the officers felt what he described as a "cigarette pack with objects in it" in his first pat-down of the appellant, a patron of the bar. He patted down other customers before returning to the appellant, at which point he retrieved a cigarette pack filled with heroin.

Ybarra was indicted for unlawful possession of a controlled substance. He filed a pretrial motion to suppress the contraband seized from him at the tavern. The trial court denied the motion, holding that the search of Ybarra was sanctioned by an Illinois statute similar in wording to K.S.A. 22-2509. On appeal, the United States Supreme Court held that the searches of appellant and the seizure of articles in his pocket violated the Fourth Amendment. The Supreme Court reasoned that probable cause to search Ybarra was absent both at the time of the issuance of the warrant and on entering the tavern. The Court also rejected the appellee's argument that the Fourth Amendment permits statutorily authorized searches of persons who, "at the commencement of the search, are on 'compact' premises subject to a warrant, at least where the police have a 'reasonable belief' such persons 'are connected with' drug trafficking and 'may be concealing or carrying away the contraband.' " 444 U.S. at 94.

The scope of the constitutional protections afforded by the Kansas Constitution Bill of Rights, Section Fifteen, and the Fourth Amendment to the United States Constitution is usually considered to be identical. *State v. Fortune*, 236 Kan. 248, Syl. ¶ 1, 689 P.2d 1196 (1984). The Fourth Amendment protects individuals against unreasonable searches and seizures by the government. This protection applies to any interest in which an individual has a reasonable expectation of privacy. *Katz v. United States*, 389 U.S. 347, 351-53, 19 L.Ed.2d 576, 88 S.Ct. 507 (1967).

The State contends that K.S.A. 22-2509 expressly authorizes the search of any person on the premises at the time of a

warrant's execution and that any limitation imposed by *Ybarra* applies only to public places and not private premises. Lambert contends that the issuance of a search warrant provides the officer executing the warrant only a limited right to search all persons and the personal effects of those persons named or described in the warrant during its execution.

K.S.A. 22-2509 provides:

"In the execution of a search warrant the person executing the same may reasonably detain and search any person in the place at the time:

(a) To protect himself from attack, or

(b) To prevent the disposal or concealment of any things particularly described in the warrant."

Does the statute grant law enforcement officers executing a search warrant an unlimited right to detain and search those persons and their personal effects, not named or described in the warrant, that just happen to be within the described area of search?

The essence of the Fourth Amendment prohibition against unreasonable search and seizure is to safeguard the privacy and security of individuals against arbitrary invasions by government officials by imposing a standard of reasonableness upon the exercise of those officials' discretion. *State v. Deskins,* 234 Kan. 529, Syl. ¶ 5, 673 P.2d 1174 (1983). Except in certain carefully defined classes of cases, a search of private property without proper consent is unreasonable unless it has been authorized by a valid search warrant. *State v. Deskins,* 234 Kan. 529, Syl. ¶ 6.

Here the search warrant issued by the judge described the person and item to be searched for and seized. The specificity requirement of the Fourth Amendment, that the search warrant must describe the premises to be searched with sufficient particularity to permit the executing officer to locate the same from the face of the warrant, was met. *State v. McClelland,* 215 Kan. 81, 523 P.2d 357 (1974).

Does the fact that the search was conducted in a private place rather than a public place distinguish this case from *Ybarra*? At least three other states have considered the private versus public issue. In *State v. Weber,* 64 Or. App. 459, 668 P.2d 475 (1983), police executing a search warrant entered private property to search for drugs. Because the defendant did not maintain eye contact, the officer felt he might be armed and dangerous and conducted a pat-down search of him. The Oregon court found

under *Ybarra* the search was illegal and said that it could "see no reason why the principles announced in *Terry* and *Ybarra* should not apply equally to pat-down searches conducted on private property and on property open to the public." 64 Or. App. at 463.

In *Lippert v. State*, 664 S.W.2d 712, 718 (Tex. Crim. 1984), the Texas court determined "[t]he private versus public distinction is fallacious and ignores the real teachings of *Ybarra*," that constitutional protections are possessed individually, and that the Fourth and Fourteenth Amendments protect persons, not places.

The same conclusion was reached by the Illinois court in *People v. Gross*, 124 Ill. App. 3d 1036, 465 N.E.2d 119 (1984). There the police had obtained a warrant to search the premises and person of Tom Sawyer for contraband. The defendant, who was not named or described in the search warrant, was present at Sawyer's residence along with four other persons when the warrant was executed. The police searched the defendant's purse, which was lying near her on a table, and found some green leafy plant material and a substance later identified as cocaine. The State argued that the search of the defendant's purse was justified on the basis of the Illinois criminal statute similar to K.S.A. 22-2509. The court said it was reasonable to believe that a woman would have an expectation of privacy in her purse and its contents. The defendant's mere nearness to others independently suspected of crime does not lead to an inference of probable cause to search that person.

In *State v. Peters*, 5 Kan. App. 2d 44, 611 P.2d 178 (1980), law enforcement officers allowed the defendant to enter into the apartment they had previously secured, and then searched the defendant under K.S.A. 22-2509. The Court of Appeals applied the *Ybarra* rationale in determining that, absent probable cause, a warrant to search the premises of a residence does not authorize the search of a person who coincidentally enters the residence after the execution of the warrant. *Ybarra* was applied to the execution of a search warrant of private premises. We agree that the principles stated in *Terry* and *Ybarra* apply equally to searches conducted on private property or on property open to the public.

This court has considered whether K.S.A. 22-2509 sanctions

the search of a nonresident or his belongings on the premises solely on the basis of the execution of a search warrant. In *State v. Loudermilk*, 208 Kan. 893, 494 P.2d 1174 (1972), the detention and search of a person on the described premises was held reasonable. Because the affidavit accompanying the application stated that persons within the premises were conducting illegal drug sales, *Loudermilk* is distinguishable and not overruled by *Ybarra*.

In *State v. McClelland*, 215 Kan. 81, 523 P.2d 357 (1974), officers were dispatched to execute a search warrant of a private residence. Approaching the residence, they noticed an automobile parked on the street directly in front of the house. One person was sitting in the automobile and another was standing beside it. Officers first searched the driver and then the automobile, finding illegal drugs during both searches. The *McClelland* court expanded the term "premises" to include both the house and the street adjacent to the premises as part of the curtilage to be included within the scope of K.S.A. 22-2509. We are not aware if the warrant contained a description of McClelland or his participation in suspected criminal activity and are unable to determine whether the affidavit or circumstances supplied probable cause to search the defendant or his car during the execution of that search warrant.

In *State v. Jacques*, 225 Kan. 38, 587 P.2d 861 (1978), officers executing a search warrant were attempting to secure the premises when they noticed that Jacques placed several balloons in his mouth and was attempting to swallow them. Officers grabbed the defendant and forced him to spit out the balloons, which were later found to contain heroin. The defendant complained that the search was illegal. The court determined that the officers had probable cause to believe that a crime was being committed in their presence and had a right to take reasonable measures to insure that the incriminating evidence was not destroyed. The evidence in *Jacques* was seized pursuant to the *Terry* doctrine and not under K.S.A. 22-2509.

Here, when the search warrant was executed, the officers had no probable cause to believe that any person found in the apartment, except Randy, would be violating the law. The officers did possess a warrant based on probable cause to search the kitchen in the apartment where the defendant was sitting.

Even though the search warrant was being executed, each individual in the apartment who was neither named nor described in the warrant retained individual protections against an unreasonable search or seizure separate and distinct from the rights of those persons described in the warrant. A person's mere nearness to others independently suspected of criminal activity does not, without more evidence, give rise to probable cause to search that person. Since the officer executing the search warrant had no reason to believe that the purse lying on the kitchen table next to the defendant belonged to Randy, the officer could not reasonably believe that the purse was part of the premises described in the search warrant.

Under proper circumstances the police may search a nonresident visitor or his belongings in the course of executing a warrant for a premises search. These circumstances include: where the individual consents to being searched, where the item is in plain view on the person or in his possession, where there has been a valid arrest and where there is probable cause to search plus exigent circumstances. A search may also be conducted under the *Terry* exception, which allows a stop and frisk where there is a reasonable belief that the person is armed and dangerous.

The State further claims that the judge erred when he determined there were not sufficient facts to justify the search of Lambert's purse by the officer who had arrested her for possession of marijuana. This question need not be entertained since it does not raise an issue of state-wide interest. Furthermore, questions reserved by the State in a criminal prosecution will not be entertained on appeal merely to demonstrate whether or not error has been committed by the trial court in its rulings adverse to the State. *State v. Holland,* 236 Kan. 840, Syl. ¶ 1, 696 P.2d 401 (1985).

We note that the trial judge did not declare K.S.A. 22-2509 unconstitutional. The United States Supreme Court in *Ybarra* did not declare a similar Illinois statute to be unconstitutional. Both restricted such statutes from being open-ended or from diminishing constitutional rights of individuals. Each determined that a legislature cannot by statute make a search warrant a general warrant to search, thereby depriving individuals of rights guaranteed by the Constitution.

The appeal by the State is denied.