No. 64,538

STATE OF KANSAS, *Appellant*, v. JAMES DONOVAN LEFORT, *Appellee*.

(806 P.2d 986)

Opinion filed March 1, 1991.

*Vernon L. Steerman*, county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellant.

*Edward C. Hageman*, of Hageman & Hageman, of Stockton, argued the cause was on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: The State of Kansas filed an interlocutory appeal from the district court's order suppressing evidence seized during the execution of a search warrant. The district court found that the warrant was defective because it lacked sufficient particularity in describing the place to be searched. The Court of Appeals found that the warrant met the test of practical accuracy sufficient to identify the residence to be searched and reversed the district court. We accepted the defendant's petition for review.

The estranged wife of James LeFort told Osborne County Deputy Sheriff Lockhart that she had seen marijuana joints in her husband's house as recently as three days earlier and that two marijuana plants were growing behind that residence. Later that day Lockhart drove to LeFort's residence and observed marijuana plants outside his back door. The next day, Lockhart prepared an affidavit and application for a search warrant using a five-page form set. The form with carbon paper inserts combines the affidavit and the application for a search warrant on the first two pages, followed by the search warrant and return on the next three pages. Unfortunately, the carbon paper inserts for the warrant did not extend far enough for the full description of the premises to be searched to be reproduced on the warrant.

The search warrant provides the location to be at or on:

"the person of James Donovan LeFort and or the following described realty and or dwelling: a single family two-story type frame dwelling, white with blue trim and/or premises outbuildings to include two mobile home type trailers, all located or situated on realty at or adjacent to southwest corner of Second Avenue and Fourth Street and recorded by deed as owned by James LeFort and Geneva . . . ."

While the search warrant signed by Judge Megaffin ended with the word "Geneva," the application and affidavit signed by Officer Wade Lockhart for the search warrant continued, stating:

"LeFort and legally described as Lot One (1) and the north sixteen feet (16') of Lot Two (2) in block twenty-two (22) in Fifield's Second Addition to the City of Alton, KS; and/or within motor vehicles parked on said realty which are identifiable as being owned or in the possession or control of James and Geneva LeFort, to wit: 1973 Dodge pickup truck, I.D. No. D17AJ35051019; 1980 Ford pickup truck, I.D. No. F15EPHJ4007; and including a 1949 Tray housetrailer, I.D. No. 6333426T, or any other motor vehicles upon the described realty."

The application for the search warrant was approved by a magistrate judge and the warrant issued. During the execution of the search warrant, Lockhart and the four law enforcement officers assisting him seized marijuana and drug paraphernalia.

LeFort was arrested and charged with two counts of possession of marijuana with the intent to sell, K.S.A. 1989 Supp. 65-4127b(b); one count of possession of marijuana without having paid tax on it, K.S.A. 79-5204; and one count of possession of drug paraphernalia, K.S.A. 1989 Supp. 65-4153a(2). Prior to trial, LeFort filed a written motion to suppress the evidence seized, claiming that the search warrant was defective because it failed to particularly describe the place to be searched.

At the hearing on the motion to suppress, the court noted there are seven towns in Osborne County, and an officer executing the search warrant could not ascertain from the face of the warrant the place to be searched. The district court found that the warrant failed to particularly describe the premises to be searched and sustained the defendant's motion to suppress the evidence seized. The State filed its interlocutory appeal.

The Fourth Amendment to the United States Constitution provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Section 15 of the Bill of Rights of the Kansas Constitution states:

"The right of the people to be secure in their persons and property against unreasonable searches and seizures, shall be inviolate; and no warrant shall issue but on probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons or property to be seized."

The scope of Section 15 of the Kansas Constitution Bill of Rights is identical to that of the Fourth Amendment to the United States Constitution. *State v. Deskins*, 234 Kan. 529, Syl. ¶ 1, 673 P.2d 1174 (1983).

To satisfy the specificity requirement of the constitutions the search warrant must describe the premises to be searched with sufficient particularity to permit the executing officer to locate

the same from the face of the warrant. *Steele v. United States No. 1*, 267 U.S. 498, 69 L. Ed. 757, 45 S. Ct. 417 (1925); *State v. Lambert*, 238 Kan. 444, 447, 710 P.2d 693 (1985); *State v. McClelland*, 215 Kan. 81, 84, 523 P.2d 357 (1974).

LeFort claims that an officer attempting to execute the warrant would not have a sufficient description to locate the premises to be searched. He contends the search warrant was so broad that it could allow officers to search wherever they wanted. He relies on *State v. Gordon*, 221 Kan. 253, 258, 559 P.2d 312 (1977), which said: "[I]t is constitutionally required that a search warrant shall 'particularly' describe the place to be searched. Thus general or blanket warrants which give the executing officers *a roving commission* to search where they choose are forbidden." (Emphasis added.)

The State argues that under the circumstances the lack of the street address, city, county, and state on the face of the warrant is only a technical defect and the evidence should not be suppressed. The State refers to K.S.A. 22-2511, which states:

"No search warrant shall be quashed or evidence suppressed because of technical irregularities not affecting the substantial rights of the accused."

The State cites *State v. Ames*, 222 Kan. 88, 563 P.2d 1034 (1977), as authority that lack of specificity in the search warrant as to the premises location is merely a technical irregularity. In *Ames*, the defendant argued that a holster seized by officers during the execution of a search warrant should not have been admitted into evidence as the warrant only authorized the seizure of the gun. In addition, the defendant claimed that an accumulation of technical irregularities invalidated the search. The defendant pointed out that: (1) the return was unsigned; (2) the holster was not listed as an item seized in the return; (3) the officer gave the gun to the district attorney without prior authority of the magistrate, in violation of K.S.A. 22-2512; (4) no receipt for the items seized was given to the accused or filed with the magistrate, in violation of K.S.A. 22-2512; and (5) the date on the return was in error. 222 Kan. at 92-93.

The *Ames* court noted that the courts prefer searches conducted under the authority of warrants to those conducted without benefit thereof. Therefore, warrants and their supporting affidavits

are interpreted in a common sense, rather than a hypertechnical, fashion. To do otherwise would tend to discourage police officers from submitting their evidence to a judicial officer before acting. Because of the courts' preference for warrants, it is presumed, in the absence of a showing of illegality, that search warrants are valid. This presumption of legality also applies to supporting affidavits, as well as the proper performance by the issuing magistrate of his official duties. Consequently, one who attacks the validity of a search warrant carries the burden of persuasion. 222 Kan. at 92.

The *Ames* court said that the test to prevent general searches is one of practical accuracy rather than one of technical sufficiency, and absolute precision in the search warrant is not required in identifying the property to be seized. It found that the warrant met the constitutional requirement of particularity. The court observed that the irregularities occurred after a valid search and seizure; hence, they were not constitutionally significant. 222 Kan. at 93.

In this case, the Court of Appeals expanded the ruling set out in *Ames*, that irregularities occurring after a valid search and seizure are not constitutionally significant, to include technical irregularities in the description of the particular place to be searched in the warrant that do not affect the substantial rights of the defendant. For authority, it used the rationale of our sister state, Colorado.

In *People v. Leahy*, 173 Colo. 339, 484 P.2d 778 (1970), the defendant was charged with possession of marijuana. The marijuana was seized pursuant to a search warrant. The warrant described the place to be searched as "1704 Pine St., County of Boulder, State of Colorado." 173 Colo. at 346. The defendant argued the failure to show the name of the city made the warrant defective. The Colorado trial court disagreed and held the absence of the name of the city was not fatal. The defendant appealed, contending the search warrant was defective. The Colorado Supreme Court upheld the trial court, noting that the prosecutor had proved to the trial court that the place to be searched was the only residence in the county with that address.

The Court of Appeals found *Leahy* factually similar to this case. The alleged defect in each of the search warrants was the failure

to allege the particular city where the residence to be searched was located. Considering the detail available on the face of the warrant describing the place to be searched, including the street address, the type of construction and the color of the house, the particular outbuildings described and the ownership specified, it found that the warrant meets the test of practical accuracy sufficient to identify the LeFort residence in Osborne County and no other.

The Court of Appeals observed that, because of his prior knowledge, the officer who executed the search warrant knew the particular place the magistrate had authorized to search. It noted that under these circumstances the failure to include the name of the town in the warrant was a technical irregularity which did not affect the substantial rights of the accused. We agree.

The Fourth Amendment to the Constitution of the United States and Section Fifteen of the Kansas Bill of Rights prohibit only unreasonable searches and seizures. *Cady v. Dombrowski*, 413 U.S. 433, 37 L. Ed. 2d 706, 93 S. Ct. 2523 (1973); *State v. McClelland*, 215 Kan. 81, 83, 523 P.2d 357 (1974); *State v. Brunner*, 211 Kan. 596, 507 P.2d 233 (1973); *State v. Thompson*, 205 Kan. 442, 469 P.2d 279 (1970). Both constitutions prohibit the execution of warrants except those particularly describing the place to be searched and the persons or property to be seized. The purpose of this requirement is to prevent general searches and to prevent the seizure of an item at the discretion of the officer. *State v. Ames*, 222 Kan. 88, 92, 563 P.2d 1034 (1977); *Stanford v. Texas*, 379 U.S. 476, 13 L. Ed. 2d 431, 85 S. Ct. 506 (1965).

The statutory scheme for obtaining, executing, and returning the search warrant is set out in K.S.A. 22-2502 *et seq*. A search warrant is required to particularly describe a person, place, or means of conveyance to be searched and things to be seized. K.S.A. 22-2502(a). A search warrant shall command the person directed to execute the warrant to search a particular place described in the warrant. K.S.A. 22-2507. No search warrant shall be quashed or evidence suppressed because of technical irregularities not affecting the substantial rights of the accused. K.S.A. 22-2511.

Is LeFort correct in his claim that the evidence seized during the execution of the search warrant must be excluded? The exclusionary rule is not a necessary corollary to the Fourth Amendment, nor is it's application required by the conjunction of the Fourth and Fifth Amendments. The exclusionary rule is neither intended nor able to cure the invasion of the defendant's rights which he has already suffered. The exclusionary rule operates as a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the person aggrieved. The right to invoke the exclusionary rule is limited to cases in which the prosecution seeks to use the fruits of an illegal search or seizure obtained by the police. By refusing to admit evidence gained by illegal conduct, the courts hope to instill in those particular investigating officers or their future counterparts a greater degree of care toward the rights of an accused. Where the official action was pursued in complete good faith, however, the deterrence rationale of the exclusionary rule loses much of its force. *United States v. Leon*, 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405, *reh. denied* 468 U.S. 1250 (1984).

In *U.S. v. Gahagan*, 865 F.2d 1490 (6th Cir. 1989), the defendant's motion to suppress the evidence was based upon the claim that the warrant failed to particularly describe the place to be searched. Specifically, the defendant asserted that the address of "7609 Douglas Lake Road" alone, was insufficient to include Cabin #3 because Cabin #3 was a separate residence with its own address of 7577 Douglas Lake Road. The court observed that the warrant itself did not contain a sufficient description of Cabin #3, 7577 Douglas Lake Road.

The court in *Gahagan* noted that the test for determining the sufficiency of the description of the place to be searched can be divided into two components: (1) whether the place to be searched is described with sufficient particularity as to enable the executing officers to locate and identify the premises with reasonable effort; and (2) whether there is reasonable probability that some other premises may be mistakenly searched. 865 F.2d at 1497. See *United States v. Turner*, 770 F.2d 1508, 1510 (9th Cir. 1985).

However, the *Gahagan* court observed that the description in the affidavit accompanying the search warrant sufficiently de-

scribed both House B and Cabin #3 so that the executing officers could reasonably ascertain the premises to be searched. It noted that where a warrant fails to describe the area to be searched with sufficient particularity, that defect can be cured by the accompanying affidavit if the affidavit is attached to the warrant and the warrant incorporates the affidavit by reference. See *United States v. Klein*, 565 F.2d 183, 186 n.3 (1st Cir. 1977).

The *Gahagan* court recognized that the affidavit itself was not attached to the warrant. However, the officer executing the warrant had testified that the affidavit was in his vehicle and readily accessible to the officers. The court noted at least one commentator has concluded that if the description contained in the warrant itself is inadequate, " 'it is appropriate to look to the description appearing in the warrant application or affidavit *if* it is clear that the executing officers were in a position to be aided by these documents.' 2 LaFave, *Search and Seizure* § 4.5(a), p. 209 (2d ed. 1987) (emphasis in original)." 865 F.2d at 1497.

The circuit court further found that the description of the property to be searched contained in the affidavit, as well as the relevant information known by the executing officers, can be relied upon to validate a warrant if the description contained in the warrant itself is less than complete. There was no risk that a mistaken search of another premises was possible given the officers' knowledge of the facts surrounding the nine-month investigation. Further reducing the risk of an unauthorized search of another house was the fact that there were no other residences in the area except House B and Cabin #3. The *Gahagan* court determined that when one of the executing officers was the affiant who described the property to the judge, and the judge found probable cause to search the property as described by the affiant, and the search was confined to the areas which the affiant described, then the search was in compliance with the Fourth Amendment.

In *State v. Spaulding*, 239 Kan. 439, 720 P.2d 1047 (1986), the State took an interlocutory appeal from the district court's suppression of evidence seized from the defendant's automobile. While working an accident that involved the defendant's automobile, the Highway Patrol officer observed a "roach clip" used for smoking marijuana in the defendant's car. The trooper pre-

sented an affidavit for a search warrant to the magistrate. The affidavit was subscribed and sworn to before the magistrate. The magistrate inadvertently failed to sign the search warrant prior to execution. The search warrant was executed, the evidence seized, and the warrant filed with the clerk.

The defendant filed a motion to suppress, claiming that the failure of the issuing magistrate to sign the warrant is not a technical irregularity, but a permanent manifestation of his intent showing both a lack of probable cause and an intention to deny the warrant, and without his signature the warrant is void. The defendant's motion to suppress was sustained. The State filed an interlocutory appeal, claiming that the lack of the magistrate's signature on the warrant was merely a technical irregularity not affecting the substantial rights of the defendant. We determined that the issuing judge had made a finding of probable cause and intentionally issued the search warrant. The magistrate's failure to sign the warrant was a mere oversight, a technical irregularity, which did not prejudice the defendant.

Shortly after his conversation with Mrs. LeFort, but prior to applying for the search warrant, Lockhart drove out to the LeForts' residence and confirmed that two marijuana plants were growing near LeFort's back door. Lockhart drafted the application for the search warrant and the affidavit. The application and the affidavit contained the correct description of the particular place to be searched. Lockhart swore that the information contained in the affidavit was correct. Lockhart participated in the execution of the search warrant and made the return to the judge.

The purpose of the constitutional requirement that search warrants particularly describe the place to be searched and the person or property to be seized is to prevent general searches and the seizure of items at the discretion of the officer executing the warrant. The test is one of practical accuracy rather than one of technical sufficiency, and absolute precision is not required in identifying the place to be searched or the property to be seized. *State v. Ames*, 222 Kan. 88, 92, 563 P.2d 1034 (1977). The officers' prior knowledge of the particular location authorized to be searched by the magistrate substantially reduced the possibility of a mistake in locating the place to' be searched.

In determining whether the description given the executing officer in the warrant was sufficient, the initial examination is directed to the description stated in the warrant. However, if the description in the warrant is inadequate due to technical irregularity, the focus then shifts to the description contained in the application or affidavit for the warrant if the officers were able to use that description to execute the search warrant. When the officer executing the search warrant is the affiant who described the property to be searched, and the judge finds there was probable cause to search the property described by the affiant and the search is confined to the area which the affiant described in the affidavit, the search does not affect the substantial rights of the accused and is in compliance with the Fourth Amendment of the Constitution of the United States and Section Fifteen of the Kansas Bill of Rights.

The fact that the complete address of the particular place to be searched failed to be copied through the carbon in the warrant was a mere oversight, a technical irregularity, which did not prejudice the defendant. Under the facts of this case, no invasion of LeFort's rights under the Fourth Amendment to the Constitution of the United States and Section Fifteen of the Kansas Bill of Rights occurred.

The judgment of the district court is reversed. The judgment of the Court of Appeals is affirmed. The case is remanded to the district court for further proceedings.

ABBOTT, J., not participating.