(808 P.2d 438)

No. 65,233

STATE OF KANSAS, *Appellee*, v. DEWAYNE HORN, *Appellant*.

Opinion filed March 22, 1991.

*Lucille Marino*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Chris Biggs*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRISCOE, C.J., BRAZIL and ELLIOTT, JJ.

ELLIOTT, J.: DeWayne Horn (a/k/a Funlove) appeals his conviction of attempted possession of cocaine following the trial court's denial of his motion to quash the arrest and suppress the evidence.

A judge issued a search warrant for a specific residence in Junction City, covering, *inter alia*, cocaine, documentary evidence of drug transactions, drug paraphernalia, specific currency, and "the person of all persons on said premises."

When executing the warrant, the officers announced their presence, heard "scurrying" in the house, and broke down the door. The occupants were running toward the kitchen in the rear of the house. Officers ordered the occupants to lie on the floor.

Drug paraphernalia and money were in plain view in the living room. Horn was stopped in the dining room and searched. Cocaine and a large amount of cash were found in his jacket pockets.

Horn moved to quash the arrest and suppress the evidence, alleging the warrant allowing the search of "the person of all persons" was an unlawful general warrant. The trial court denied the motion, ruling the warrant was properly issued and that exigent circumstances existed which justified the search under K.S.A. 22-2509.

### The Search Warrant

General warrants are constitutionally prohibited. United States Constitution, Fourth Amendment; Kansas Constitution Bill of Rights § 15; *State v. Bishop*, 240 Kan. 647, 656, 732 P.2d 765 (1987). But warrants authorizing the search of all persons at a location are not per se invalid. Most jurisdictions permit such warrants if the facts known to the issuing judge justify a belief that the premises are confined to ongoing illegal activity and that every person within the orbit of the search possesses the items sought by the warrant. *E.g., People v. Nieves*, 36 N.Y.2d 396, 330 N.E.2d 26 (1975); *Com. v. Heidelberg*, 369 Pa. Super. 398, 535 A.2d 611 (1987).

While we have not addressed the issue of "all persons present" warrants in Kansas, our Supreme Court has held that a warrant authorizing the search of an apartment and its occupant for cocaine could not be expanded, absent additional evidence, to include other persons in the house at the time of the search. The court reasoned that a "person's mere nearness to others independently suspected of criminal activity does not, without more evidence, give rise to probable cause to search that person." *State v. Lambert*, 238 Kan. 444, 450, 710 P.2d 693 (1985).

Courts which have considered the validity of "all persons present" warrants look closely at the facts known to the judge at the time the warrant was issued. *E.g., Commonwealth v. Smith*, 370 Mass. 335, 348 N.E.2d 101, *cert. denied* 429 U.S. 944 (1976); *State v. DeSimone*, 60 N.J. 319, 288 A.2d 849 (1972); *Com. v. Heidelberg*, 369 Pa. Super. 398.

In the present case, probable cause existed to issue a warrant to search the house for drugs and drug-related items. See *State*

*v. Morgan,* 222 Kan. 149, 153, 563 P.2d 1056 (1977). However, we hold the facts known to the judge at the time the warrant was issued were insufficient to justify searching all persons present in the house.

Of the three controlled buys on which the warrant was based, only the first—*a month* prior to the warrant's issuance—was consummated at the premises. On the second controlled buy, Denise "Candy" Bass and the informant left the residence and drove to several locations before the sale was completed. And on the final buy, persons left the house for unknown reasons prior to completion of the sale. Additionally, police observed persons leaving the house for the legal purpose of purchasing liquor; there is no evidence these people were known to be involved in drug trafficking.

The facts in the affidavit are simply insufficient to infer that the sole or primary activity at the residence was the sale of drugs and that everyone present would be involved in illegal activity. Accordingly, the search warrant was invalid as to its authorization to search "the person of all persons on said premises." See *People v. Paul,* 96 Misc. 2d 1085, 410 N.Y.S.2d 516 (1978).

### *Exigent Circumstances and K.S.A. 22-2509*

The trial court also upheld the search on the basis that exigent circumstances authorized it under K.S.A. 22-2509. We agree.

K.S.A. 22-2509 provides that a person executing a search warrant may reasonably detain and search "any person in the place" in order to "prevent the disposal or concealment of any things particularly described in the warrant." In discussing the statute, our Supreme Court has held that police may search a nonresident while executing a search warrant authorizing a premises search where there is probable cause to search plus exigent circumstances. *State v. Lambert,* 238 Kan. at 450.

In the present case, the police had a valid warrant to search the premises for drugs and drug paraphernalia. When they entered the residence, the occupants fled toward the back of the house. Money and drug paraphernalia were in plain view, indicating that drugs were being sold. Given that drugs are easily concealed and easily disposed of, the police had probable cause after entering the residence to search everyone running toward

the back of the house, including appellant. This action by the police did not convert the search warrant into a general warrant, and did not deprive Horn of his constitutional right to be free from unreasonable searches. Exigent circumstances existed to justify the search under K.S.A. 22-2509.

Affirmed.