(876 P.2d 205)
No. 70,178

STATE OF KANSAS, *Appellee,* v. JOSEPH B. VANDIVER, *Appellant.*
Aff'd 257 Kan. 53, 891 P.2d 350 (1995).

Opinion filed June 17, 1994.

*Daniel S. Garrity,* of Garrity, Kuckelman & Kurth, of Atchison, for appellant.

*Linda S. Mock,* assistant county attorney, *Martin Asher,* county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before GERNON, P.J., ELLIOTT and GREEN, JJ.

GREEN, J.: Joseph B. Vandiver appeals his conviction of possession of marijuana following the trial court's refusal to grant his motion to suppress evidence.

This case began with the issuance of a search warrant for an upstairs apartment residence. The affidavit accompanying the application for a search warrant stated the following facts: (1) that David Moneymaker lived at the residence; (2) that Moneymaker was a convicted drug offender; (3) that an informant had reported to police that Moneymaker was a certain individual's source for marijuana; (4) that Moneymaker previously had been seen weighing marijuana at the residence; and (5) that two marijuana purchases had occurred at the residence within the previous four days. The warrant authorized the police to search Moneymaker's apartment for marijuana, other controlled substances, drug paraphernalia, money, documentary evidence of drug transactions, firearms, and electronic equipment commonly traded for controlled substances. Although the warrant authorized the search of Moneymaker's apartment, the warrant failed to authorize the search of any individuals at the apartment.

To execute the search warrant, Detective Mike Wilson went to the apartment alone and knocked on the door. Within seconds the door was opened by Moneymaker. Wilson immediately entered the apartment, arrested Moneymaker, and handcuffed him.

As Wilson looked around the apartment, he saw six other persons playing a video game in the living room. Wilson entered the living room and told the individuals he had a search warrant. Once in the living room, Wilson smelled what he believed to be the odor of burnt marijuana and saw a bag of green vegetation, which he believed was marijuana, lying on the floor among the six individuals.

Wilson arrested and handcuffed one of the six individuals after recognizing him as being involved in a drug buy several days earlier. Wilson then began a pat-down search of the remaining five individuals. He testified the purpose of the pat-down search was to search for weapons or contraband.

In searching defendant, Wilson removed a 35-millimeter film canister from defendant's front pants pocket. Wilson later admitted that when he patted the film canister in defendant's pants

pocket, the canister did not feel like a weapon. He testified he removed the canister "to inspect it, not knowing what it was." When Wilson opened the film canister, he saw what he believed to be marijuana. Wilson then arrested and handcuffed defendant.

In completing his search of the remaining four individuals, Wilson found drug paraphernalia on one of them. Wilson also arrested that individual and released the remaining three individuals.

As a result of the marijuana found in the film canister, defendant was charged with possession of marijuana. He later sought to have the marijuana suppressed as the by-product of an unlawful search. After a hearing, the trial court denied his motion.

The marijuana obtained from the film canister was introduced into evidence over defendant's objections, and the trial court later convicted defendant of possession of marijuana. He timely appealed.

Defendant argues the trial court erred in finding exigent circumstances existed which justified the search.

Here, the State and defendant agree on the facts in this appeal, and accordingly our review is unlimited. "When the facts material to a decision of the court on a motion to suppress evidence are not in dispute the question of whether to suppress becomes a question of law." *State v. Young,* 228 Kan. 355, 356, 614 P.2d 441 (1980). On questions of law, our review is de novo. See *Zion Lutheran Church v. Kansas Comm'n on Civil Rights,* 16 Kan. App. 2d 237, 239, 821 P.2d 334 (1991), *aff'd* 251 Kan. 206, 830 P.2d 536 (1992).

K.S.A. 22-2509 provides:

"In the execution of a search warrant the person executing the same may reasonably detain and search any person in the place at the time:
   (a) To protect himself from attack, or
   (b) To prevent the disposal or concealment of any things particularly described in the warrant."

Although the State tried to justify the search of defendant under K.S.A. 22-2509(a), which allows a police officer to protect himself or herself by detaining and searching a person while executing a search warrant if he or she believes the person is armed and dangerous, the trial court rejected this argument. In rejecting the State's argument, the trial court stated Wilson failed to show

he was in any immediate danger, he was about to be attacked, or he was offered any resistance when he entered the apartment. Because the State has not appealed this finding nor briefed this issue on appeal, we have not considered whether Wilson's search and its scope were justified according to K.S.A. 22-2509(a). "Trial court determinations of fact, unappealed from, are final and conclusive." *Palmer v. State*, 10 Kan. App. 2d 656, 657, 707 P.2d 1091, *rev. denied* 238 Kan. 878 (1985).

Nevertheless, the trial court upheld the warrantless search of defendant under exigent circumstances pursuant to K.S.A. 22-2509(b). The trial court found exigent circumstances based on the following facts: (1) the number of individuals in the residence; (2) the smell of burnt marijuana; (3) the previous police surveillance of the apartment; and (4) the speed and ease in which drugs can be concealed or destroyed.

In reaching its decision, the trial court was persuaded by our opinion in *State v. Horn*, 15 Kan. App. 2d 365, 808 P.2d 438, *rev. denied* 248 Kan. 998 (1991). In *Horn*, the police, in executing a search warrant authorizing the search of "the person of all persons," searched the defendant and found cocaine and a large amount of cash in his jacket pocket. 15 Kan. App. 2d at 366. In rejecting the State's argument that the search warrant authorized a search of all persons present in the house, we stated:

"The facts in the affidavit are simply insufficient to infer that the sole or primary activity at the residence was the sale of drugs and that everyone present would be involved in illegal activity. Accordingly, the search warrant was invalid as to its authorization to search 'the person of all persons on said premises.' " 15 Kan. App. 2d at 367.

Yet, in upholding the search under exigent circumstances, we noted the following:

"[T]he police had a valid warrant to search the premises for drugs and drug paraphernalia. When they entered the residence, the occupants fled toward the back of the house. Money and drug paraphernalia were in plain view, indicating that drugs were being sold. Given that drugs are easily concealed and easily disposed of, the police had probable cause after entering the residence to search everyone running toward the back of the house, including appellant. This action by the police did not convert the search warrant into a general warrant, and did not deprive Horn of his constitutional right to be free from unreasonable searches. Exigent circumstances existed to justify the search under K.S.A. 22-2509." 15 Kan. App. 2d at 367-68.

*Horn,* however, is distinguishable from the facts presented here. For instance, no evidence was presented to establish that any of the individuals in the living room made any attempt to flee or made any sudden movement which could be interpreted as an attempt to conceal or dispose of evidence.

The State, however, argues the search is justified based upon *State v. Loudermilk,* 208 Kan. 893, 494 P.2d 1174 (1972). In *Loudermilk,* the police had obtained a search warrant to search for opium at a residence. The warrant authorized the search of person, place, or things which contained opium. 208 Kan. at 894. An affidavit accompanying the search warrant stated that the persons on the premises were conducting illegal drug sales. In executing the warrant, defendant was searched and a packet of heroin was found in his billfold. In upholding the search, the court stated:

"The application and attached affidavit fully established probable cause to believe that opium was concealed on the described premises, or on the persons of those present. Narcotics, such as heroin, are easily concealed on a person and may readily be disposed of. Where, as in this case, probable cause to believe that a drug is kept or concealed on certain described premises is established to the satisfaction of a proper magistrate, the search of a person found on the premises in the execution of a search warrant is not only reasonable, but necessary to secure effective enforcement of the Uniform Narcotic Drug Act." 208 Kan. at 898.

Nevertheless, in *Ybarra v. Illinois,* 444 U.S. 85, 90-91, 62 L. Ed. 2d 238, 100 S. Ct. 338 (1979), the United States Supreme Court declared that a person may not be searched during the execution of a search warrant merely because that person happens to be present on the premises. Following that decision, our Kansas Supreme Court, in *State v. Lambert,* 238 Kan. 444, 450, 710 P.2d 693 (1985), stated:

"Under proper circumstances the police may search a nonresident visitor or his belongings in the course of executing a warrant for a premises search. These circumstances include: where the individual consents to being searched, where the item is in plain view on the person or in his possession, where there has been a valid arrest and *where there is probable cause to search plus exigent circumstances.* A search may also be conducted under the *Terry* exception, which allows a stop and frisk where there is a reasonable belief that the person is armed and dangerous." (Emphasis added.)

Although the State correctly notes the court in *Lambert* stated *Loudermilk* was distinguished from and was not overruled by *Ybarra*, 238 Kan. at 449, the State overlooks a critical distinction between this case and *Loudermilk*. Here, the search warrant did not authorize a search of each person present in the apartment. Further, an examination of the search warrant and accompanying affidavit does not establish probable cause to believe that drugs would be concealed by everyone found in the apartment.

Still, the search of defendant could be justified under K.S.A. 22-2509(b) if *probable cause plus exigent circumstances* are established. *State v. Lambert*, 238 Kan. at 450. Defendant contends the State failed to establish either probable cause or exigent circumstances to justify the warrantless search.

Our Supreme Court has defined probable cause as follows:

"Probable cause is the reasonable belief that a specific crime has been committed and that the defendant committed the crime. It does not require evidence of each element of the crime or evidence to the degree necessary to prove guilt beyond a reasonable doubt." *State v. Grissom*, 251 Kan. 851, Syl: ¶ 22, 840 P.2d 1142 (1992).

Certainly, probable cause existed to issue a warrant to search the house for drugs and drug-related items, and defendant does not dispute this fact. Defendant, however, argues Wilson lacked probable cause to believe he had committed a crime before Wilson searched him. He contends his mere presence near the marijuana in the living room, without more, does not establish probable cause. The State, however, argues that because Wilson observed defendant along with several other individuals seated on the floor near a bag that Wilson believed contained marijuana and smelled the odor of burnt marijuana, Wilson had probable cause to believe defendant and the other individuals in the apartment were involved in an illegal activity such as the purchasing or selling of drugs.

We could not find any Kansas case law which has addressed this issue specifically. Nevertheless, in *State v. Dye*, 250 Kan. 287, 297, 826 P.2d 500 (1992), our Supreme Court stated:

"There is no discussion in *Lambert* of a search incident to a valid arrest. In all likelihood, the State did not make this argument because the non-resident's being seated at a table on which there was some marijuana would be a shaky foundation for an arrest for possession of the substance."

We interpret the court's comment to mean that a person's mere presence near some marijuana, in the absence of some additional evidence, is insufficient grounds to believe that person has committed a crime. Additionally, this view is supported by case law from other jurisdictions.

In *State v. Myers*, 55 Or. App. 370, 372, 637 P.2d 1360 (1981), the police, in executing a search warrant, conducted a pat-down search of defendant and three other adults who were inside a house. The warrant authorized the search of the house but apparently did not mention the people who might be present when the warrant was to be executed. In searching the house, the officers observed marijuana and other drugs in plain view in the room where the adults were sitting. Moreover, the officers testified that they smelled burnt marijuana in the house. In overruling the trial court's denial of defendant's motion to suppress evidence, the Oregon Court of Appeals stated:

"[T]here was no probable cause to believe that defendant was in possession of controlled substances. . . . Constructive possession requires that a defendant have control or the right to control the contraband. [Citation omitted.] Mere presence in the quarters of others where contraband is found is not sufficient to allow an inference of possession. [Citation omitted.] The officers knew defendant was a guest in the house, the owner had identified himself. Without more than his mere presence, there was no probable cause to believe that defendant was in constructive possession of the drugs found in the house." 55 Or. App. at 373.

Equally important, the *Myers* rationale was applied in *People v. Simmons*, 210 Ill. App. 3d 692, 569 N.E.2d 591 (1991). The trial court concluded the search of defendant was improper when two other persons were in the same room where drug paraphernalia was observed. In sustaining the trial court's suppression of the evidence, the Illinois Court of Appeals stated:

"The State did not present any evidence to show that defendant was not a social guest on the premises. The State failed to establish a sufficient nexus between defendant and the premises, yet the State seeks to bootstrap the nature of the room and the objects found in it to amount to probable cause to search defendant. If, in fact, the room was a 'Smoker room,' one would expect there to be paraphernalia in it. That does not necessarily mandate the conclusion that defendant engaged in the smoking or ingesting of cocaine in that room. The State presented no evidence that the room was used exclusively for the consumption of cocaine. The record shows that the room

had a bed, a desk, a dresser, a television and at least one chair. The argument, that because defendant was present in that room there was probable cause to search him, falls afoul of the holding of *Ybarra*. The probable cause 'requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search . . . the premises where the person may happen to be.' *Ybarra*, 444 U.S. at 91, 62 L. Ed. 2d at 245, 100 S. Ct. at 342." 210 Ill. App. 3d at 700.

Applying the aforementioned rationale to this case, we could find no evidence showing Wilson believed defendant and the four other individuals, excluding the one individual he arrested immediately upon entering the living room, were anything more than social guests of Moneymaker. Nor was any other evidence presented to link defendant to the odor of burnt marijuana or to the marijuana on the living room floor. Moreover, the State failed to introduce any evidence that the living room was used exclusively for the purchase or sale of marijuana. Aside from defendant's presence in the house, Wilson had no reason to believe defendant had any drugs in his possession. Probable cause requires more than mere "[b]ald conclusions, mere affirmations of belief, or suspicions." *State v. Morgan*, 222 Kan. 149, 151, 563 P.2d 1056 (1977). Therefore, we conclude that the evidence does not support a finding of probable cause.

Finally, even if probable cause existed, defendant argues no exigent circumstances existed to justify the warrantless search of his person. He concedes preventing destruction of evidence, like drugs, is an exigent circumstance. See *Horn*, 15 Kan. App. 2d at 367. Defendant, however, contends no evidence was presented to show that destruction of evidence was anything more than a generalized concern.

Although the State principally argues the number of individuals at the apartment and the likelihood the drugs might be concealed or destroyed created exigent circumstances, the evidence shows that defendant and the four other individuals cooperated with the police. As we stated earlier, neither defendant nor the four other individuals in the living room ever attempted to flee, tried to conceal anything, or tried to destroy any evidence. The possibility something could occur, without more, does not establish exigent circumstances. See *State v. Mitchell*, 8 Kan. App. 2d 265, 269, 655 P.2d 140 (1982). Consequently, to justify a warrantless search

of a nonresident visitor or of the visitor's belongings in the course of executing a search warrant for a premises based upon exigent circumstances, there must be some observable circumstance, such as an individual fleeing from police or an individual acting in a furtive or suspicious manner, in addition to the reasonable determination of the police that the evidence will be concealed or destroyed before a search warrant can be obtained.

Although the State failed to address this issue, the search of defendant could not be justified as a search incident to arrest. As our Kansas Supreme Court noted in *Dye*, a person's proximity to marijuana does not establish probable cause to support an arrest of that person. Moreover, a search incident to arrest is lawful only if it occurs after defendant is arrested. *State v. Epperson*, 237 Kan. 707, 715, 703 P.2d 761 (1985). Here, the record shows defendant was first searched then arrested as a result of that search. Finally, because the State failed to argue either that defendant consented to the search or that the evidence seized from defendant was in plain view, we must assume there is no evidence to justify the search of defendant under one or both of these theories.

Because we conclude neither probable cause nor exigent circumstances existed to justify the warrantless search of defendant, the evidence obtained from the search should be suppressed.

Reversed and remanded with directions to grant defendant's motion to suppress the evidence obtained during the search of defendant and to grant defendant a new trial.